**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gus Junior BUTLER, Defendant-Appellant.**

**No. 17-12727
Non-Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

(March 6, 2018)

Robert Benjamin Cornell, U.S. Attorney's Office, Fort Lauderdale, FL, Lisa Tobin Rubio, Laura Thomas Rivero, Emily M. Smachetti, U.S. Attorney Service—Southern District of Florida, U.S. Attorney's Office, Miami, FL, for Plaintiff-Appellee

Peter Vincent Birch, Federal Public Defender's Office, West Palm Beach, FL, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant-Appellant

Before WILLIAM PRYOR, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Gus Butler appeals his 180-month sentence imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He had pleaded guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and 924(e), and possessing heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and § 841(b)(1)(C). On appeal, Butler argues that the district court erred in imposing an enhanced sentence under the ACCA; Butler says his previous Florida convictions for aggravated assault, aggravated battery, and domestic battery by strangulation are not qualifying predicate offenses.

We review *de novo* whether a prior conviction is a predicate offense within the meaning of the ACCA. *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009). We are bound to follow prior binding precedent unless and until it is overruled by this Court sitting *en banc* or by the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

We have held that a Florida aggravated assault "conviction under [Fla. Stat. § ]

784.021 will always include 'as an element the ... threatened use of physical force against the person of another,' § 924(e)(2)(B)(i), and ... thus qualifies as a violent felony for purposes of the ACCA." *Turner v Warden Coleman FCI ( Medium )*, 709 F.3d 1328, 1338 (11th Cir. 2013), *abrogated on other grounds by Johnson v. United States*, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015); *see also United States v. Golden*, 854 F.3d 1256, 1256-57 (11th Cir. 2017) (reaffirming *Turner's* holding that a conviction for aggravated assault under Fla. Stat. § 784.021 qualifies under the elements clause of the ACCA).

We have held that "a conviction for aggravated battery qualifies as a violent felony for purposes of the ACCA." *Turner*, 709 F.3d at 1341; *see also In re Rogers*, 825 F.3d 1335, 1341 (11th Cir. 2016) ("affirming *Turner* and holding that a conviction under Florida's aggravated battery statute categorically qualifies under the elements clause of the ACCA.").

We have also decided that "Florida's domestic-battery-by-strangulation statute qualifies as a 'crime of violence' under the elements clause" of U.S.S.G. § 4B1.2. *United States v. Dixon*, 874 F.3d 678, 682 (11th Cir. 2017). The analysis we use to determine whether a conviction qualifies as a crime of violence under § 4B1.2 is essentially the same as the analysis used to determine what constitutes a crime of violence under the ACCA "because the definitions are substantially the same." *Id.* at 680.

The district court did not err in concluding that Butler's prior convictions for aggravated assault under Fla. Stat. § 784.021, aggravated battery under Fla. Stat. § 784.045, and domestic battery by strangulation under Fla. Stat. § 784.041(2)(a) constituted violent offenses for purposes of his ACCA sentence en-

hancement. We have decided that violations of each of these Florida statutes qualify as predicate offenses under the ACCA. *See Golden,* 854 F.3d at 1256-57; *Rogers,* 825 F.3d at 1341; *Dixon,* 874 F.3d at 682. We are bound to follow these prior panel decisions under the prior precedent rule. *See Vega-Castillo,* 540 F.3d at 1236. Accordingly, we affirm.

**AFFIRMED.**